78 N.J. Super. 1 (1963)
187 A.2d 353
JOHN MAKAR AND ANNA MAKAR, PLAINTIFFS-APPELLANTS,
v.
ST. NICHOLAS RUTHENIAN (UKRAINIAN) GREEK CATHOLIC CHURCH OF PASSAIC, N.J., ALSO KNOWN AS ST. NICHOLAS UKRAINIAN CATHOLIC CHURCH OF PASSAIC, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1962.
Decided January 10, 1963.
*2 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. John Sartoga argued the cause for appellants (Messrs. Bartel & Sartoga, attorneys).
*3 Mr. Theodore W. Geiser argued the cause for respondent (Messrs. Pindar, McElroy, Connell & Foley, attorneys).
The opinion of the court was delivered by PRICE, S.J.A.D.
By this appeal plaintiffs challenge the constitutionality of the "charitable immunity statute" (N.J.S. 2A:53A-7 to 10), contending that, to the extent that its provisions "relate to religious organizations," it contravenes "the religious freedom provision" of the First Amendment of the United States Constitution and certain paragraphs of Article I of the New Jersey Constitution (1947). They also assert that the aforesaid statutory provisions violate "the equal protection, due process, and privileges and immunities doctrines of the Federal and New Jersey Constitutions."
Plaintiffs' contentions were rejected by the Law Division, which granted defendant's motion for a summary judgment in an action instituted by plaintiffs for the recovery of damages for injuries sustained on April 1, 1961 by Mrs. Makar, a parishioner of defendant. Her husband sued per quod. The complaint charged that "due to defendant's negligence" Mrs. Makar was "caused to fall" on the steps of its church while she was "at the church for prayer and for the purpose of having her Easter basket blessed in accordance with the church tenets and pursuant to her religious beliefs."
Defendant's answer, in addition to asserting its freedom from negligence, alleged as a separate defense that defendant at "the time of the alleged accident, was a non-profit corporation, organized exclusively for religious purposes and as such is immune from actions for negligence." Plaintiffs moved to strike the pleaded immunity defense, assigning the following grounds therefor:
"[S]uch defense is insufficient in law in that said defense is not available to defendant under the common law in New Jersey, and that the statutes upon which said defense must therefore depend (N.J.S.A. 2A:53A-7, 8, 9 and 10) are in contravention of the U.S. Constitution, 1st and 14th amendments, as they relate to *4 establishment of religion, equal protection, due process, and privileges or immunities, and also exceeding the police power of the state; and in contravention of the N.J. Constitution (1947) Art. 1, par 1, 3, 4, 5, 20, and 21; and Art. 4, Sect. VII, par 9, as it relates to equal protection, and the granting of exclusive privileges and immunities; and also as exceeding the police power of the state."
The trial court, noting that by plaintiffs' aforesaid motion the constitutionality of the statutory provisions was "drawn in question" (R.R. 4:37-2), ordered that the Attorney General be notified thereof and that he be served with copies of the complaint, answer and motion to strike the aforesaid "immunity" defense, to the end that if he desired to intervene in the action he might do so within the time defined in the order. The order further provided that, in default of such intervention, "the action shall proceed between the parties as though no intervention [had] been authorized." The Attorney General did not intervene and took no part in the instant appeal.
Defendant countered with a motion for summary judgment in its favor "on the ground that the action set forth in the said Complaint is barred" by the provisions of N.J.S. 2A:53A-7. In support thereof defendant's pastor submitted an affidavit that the church had been "incorporated as a non-profit corporation, organized exclusively for religious purposes on the 30th day of September, 1910" and was operating as such on "the date of the alleged accident."
The statutory provision (N.J.S. 2A:53A-7), on which defendant relies, is as follows:
"No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions *5 of such corporation, society or association; but nothing herein contained shall be deemed to exempt the said agent or servant individually from their liability for any such negligence."
The trial court denied plaintiffs' motion to strike the aforesaid separate defense pleaded by defendant and, as stated, granted defendant's cross-motion for a summary judgment.

I.
In resolving this appeal we find it unnecessary to discuss in detail the numerous reasons, as well as the extensive legal and historical arguments, advanced by plaintiffs in contending that the Federal and New Jersey Constitutions are violated by the sections of the "charitable immunity statute" here challenged. They include assertions that the statute in question
(a) is violative of the constitutional prohibition against legislation respecting the "establishment of religion" because of the "State's gift [of no liability] to the church organization";
(b) contravenes the "`free exercise' clause of the 1st amendment";
(c) in denying "plaintiffs a civil remedy, * * * exceeds the police power since the freedom of worship exercised by plaintiff Anna Makar does not bring her into conflict with rights asserted by others"; and
(d) deprives "plaintiff, Anna Makar, * * * of a civil remedy because she was in church for prayer," thereby relegating her "to an inferior status because she exercised her precious right of religious freedom." (In this connection plaintiffs emphasize that "if Mrs. Makar had been injured in a similar fall" suffered in a "super-market, theatre, etc., she would have a cause of action," and that consequently if under the circumstances here existing she is required to "forego compensation," she is being required "to make an unreasonable contribution to the church against her will and this forced contribution violates her individual freedom of religion.")
Plaintiffs further urge that, not only are the challenged statutory provisions "unconstitutional on their face," but are also unconstitutional "as construed and applied in this case and in the case of Anasiewicz v. Sacred Heart Church," 74 N.J. Super. 532 (App. Div. 1962), certif. den. 38 N.J. 305 *6 (1962), "because they classify a worshipper as a `beneficiary to whatever degree.'" Plaintiffs state that "by reason of this classification the statutes deny a religious worshipper a common civil remedy and thereby violate the `free exercise' clause of the 1st amendment."
In rejecting appellants' aforesaid contentions, the trial court said:
"I cannot conceive that immunity from suit granted to a church could possibly constitute an interference with the free practice of religion by a person who attends that church, nor do I find that the legislation granting this immunity is a law respecting the establishment of religion, in contravention of the provisions of the Federal and State Constitutions."
We are in complete accord with that observation. (In passing, it is to be noted that in the opinion for this court in Anasiewicz, supra, Judge Foley, emphasizing that the "[c]onstruction of the statute [the court was there dealing with the predecessor statute (L. 1958, c. 131)] necessarily requires a determination of the purposes it was designed to serve," expressed those purposes in detail, at pp. 535-538.)

II.
The trial court found no merit to plaintiffs' aforesaid further contention that the statute in question violated the "equal protection, due process, and privileges and immunities doctrines of the Federal and New Jersey Constitutions." Appellants' counsel cites no case in this jurisdiction (and our research fails to disclose any) dealing with the foregoing contention. A similar attack on a comparable statute, however, has recently been rejected by the Supreme Court of Rhode Island in Fournier v. Miriam Hospital, 175 A.2d 298 (1961), where the court stated:
"The plaintiff's contention that art. XIV, § 1, of amendments to the federal constitution renders the immunity statute invalid is likewise without merit. Her argument is that the statute is a denial of *7 due process and constitutes discrimination in violation of the equal privilege and protection clauses. This court in In the Matter of Nichols, supra, 8 R.I. 50, at page 54, observed that, `Although, in a free government, every man is entitled to an adequate legal remedy for every injury done to him, yet the form and extent of it is necessarily subject to the legislative power * * *.'
Nor is an act of the legislature adopted pursuant to its power to declare public policy in violation of art. XIV of the amendments, if the act in question is neither capricious nor arbitrary in the sense that it does not discriminate between persons, groups or corporations falling within the same classification. See Doherty v. Town Council, 61 R.I. 248, 200 A. 964." (at p. 301)
It is to be noted that the statutory "verbiage" here challenged (as noted in Anasiewicz, supra, at p. 535) "closely parallels" the language of the cases in which the immunity rule was formerly enunciated by our courts. See, e.g., Lindroth v. Christ Hospital, 21 N.J. 588 (1956).
The earlier judicial recognition of the immunity doctrine was overturned in Collopy v. Newark Eye and Ear Infirmary, 27 N.J. 29 (1958). In doing so, Mr. Justice Jacobs, writing for the majority (at p. 36), quoted the following pertinent statement from Haynes v. Presbyterian Hospital Ass'n., 241 Iowa 1269, 45 N.W.2d 151, 154 (Sup. Ct. 1950):
"The law's emphasis generally is on liability, rather than immunity, for wrongdoing. Charity is generally no defense. It is for the legislature, not the courts, to create and grant immunity."
and added (at p. 41):
"There is no doubt that within constitutional limits the Legislature may at any time, if it so chooses, explicitly fix the State's policy as to the immunity of charitable institutions from tort responsibilities."
Cf. Egan v. Erie R. Co., 29 N.J. 243, 252 (1959).
As noted in Anasiewicz, supra, 74 N.J. Super., at p. 535, the impact of Collopy upon the tort liability of charitable institutions "led to the enactment of L. 1958, c. 131," the forerunner of the statute now under attack.
*8 In view of the Supreme Court's above-quoted pronouncement that the creation and granting of charitable immunity is within the province of the Legislature, we perceive no reason to disturb the trial court's action in the instant case.
The summary judgment in favor of defendant is affirmed.