JESSIE B. SEWALL AND ELBRIDGE C. SEWALL, HER HUS-BAND, APPELLANTS, v. D. ALVIN FOX AND SALLIE S. FOX, RESPONDENTS.

Argued March 13. 1923—Decided June 18. 1923.

1. There is no duty at common law, imposed upon the owner of land abutting on a highway, to keep the sidewalk in front of his premises free from snow or ice.
2. An ordinance requiring persons to keep their sidewalks free from ice or snow imposes a public duty, for breach of which the owner may be liable to the penalty prescribed therein, but there is no right of action to an individual injured in consequence of such breach.

On appeal from the Supreme Court.

For the appellants, *McDermott, Enright & Carpenter* (*James D. Carpenter, Jr.,* of counsel).

For the respondents, *Porter, Zink & Lafferty* (*James L. R. Lafferty,* of counsel).

The opinion of the court was delivered by

KALISCH, J.   An action was brought in the court below by the plaintiffs against the defendants to recover damages for injuries sustained by Jessie B. Sewall, wife of Elbridge C. Sewall, as a result of a fall caused by slipping on snow and ice which had accumulated, through the natural state of winter weather, on a sidewalk in front of premises owned and occupied by the defendants.

The first count of the plaintiffs' complaint is based upon an ordinance of the town of Montclair entitled "An ordinance to provide for the removal of snow and ice from the sidewalks and gutters of streets, avenues and highways in the town of Montclair," adopted December 23d, 1912, the first section of which provides that—

"The owner, owners, occupant or occupants of premises abutting or bordering upon any street, avenue or highway in the town of Montclair shall remove all ice or snow from the sidewalks of any such street, avenue or highway, or in the case of ice which may be frozen to the sidewalks as to make the removal of the same impossible, shall cause same to be thoroughly covered with sand or ashes, within eight hours of daylight after the same shall be formed or shall fall thereon, under a penalty of five dollars for each such failure, to be paid by said owner or owners, occupant or occupants of said premises, severally and respectively."

The complainant, after setting out the section omitting the penalty prescribed, then alleges the failure of the defendants to comply with the requirements of the ordinance and charges them with carelessly and negligently permitting the snow and ice to remain upon the sidewalk, whereby, &c., the plaintiff Jessie B. Sewall sustained her injury.

The second count of the complaint is based upon the assumption that it was a common law duty of the defendants to keep the sidewalk in front of their residence free and clear of ice and snow and to spread ashes, sand and sawdust and other like substances upon the ice on the sidewalk for the safety of persons lawfully using the sidewalk.

After the trial of the cause had commenced, the plaintiffs offered to prove the ordinance in question and the facts alleged in the complaint, but the question, as to the plaintiffs' right to recover, assuming all of plaintiffs' allegations were true, was raised by the learned trial judge who overruled the plaintiffs' offer, whereupon the plaintiffs rested their case, and a motion for nonsuit was then made on behalf of defendants, which motion was granted and judgment entered thereon. It is from this judgment that the plaintiffs appeal to this court.

The common law imposed no duty upon an abutting owner on the highway to keep the sidewalk in front of his premises free from snow or ice.

*Snowden* v. *Dodd*, 8 *N. J. L. J.* 296 (opinion by Judge Depue, Essex Circuit), who cites as sustaining this proposition *Taylor* v. *Lake Shore Railroad Co.*, 45 *Mich.* 74 (opinion by Judge Cooley). In *Courtney* v. *Central Railroad Co.*, 18 *N. J. L. J.* 173, Mr. Justice Van Syckel said: "An abutting owner on the highway as such owes no duty to maintain the street or sidewalk in front of his house or premises, and is not responsible for any defects therein, which are not caused by his own wrong. 2 *Sherm. & Redf. Neg.* 343; *Ray Neg. Im. Dut.* 68; *Wood Nuis.* 994, 995; *Weller* v. *McCormack*, 18 *Vroom* 397."

The learned judge further said: "Ordinance requiring persons to keep their sidewalks free from ice imposes a purely public duty, and persons injured by slipping on the ice cannot bring private action against the owners of the premises." In support of this proposition the case of *Snowden* v. *Dodd*, *supra*, the cases and text-books above referred to are again cited with the additional reference to *Dill. Mun. Corp.* (2d ed.), § 788, and other cases.

We think the matter discussed is settled beyond any controversy in this state by the pronouncement of this court in *Fielders* v. *North Jersey Street Railway Co.*, 68 *N. J. L.* 343.

In that case, Mr. Justice Pitney, speaking for the court (at *p.* 352), in discussing the legal effect of an ordinance imposing a duty on a street railway to keep its roadbed in re-

pair, said that such ordinances were "intended not for the benefit or protection of individuals comprising the public, but for the benefit of the municipality as an organized government, and more particularly if they impose upon property owners a performance of a part of the duty of the municipality to the public, a legislative intent is indicated that a breach of such ordinance shall be remedial only at instance of the municipal government or by enforcement of the penalty prescribed therein; and there shall be no right of an action to individual citizens especially injured in consequence of such breach."

To the same effect are *Rupp* v. *Burgess,* 70 *N. J. L.* 7; *Lightcap* v. *Lehigh Valley Railroad Co.,* 87 *Id.* 64; affirmed by this court in 90 *Id.* 620; *Rose* v. *Slough,* 92 *Id.* 233; *Arning* v. *Druding,* 96 *Id.* 47. In 1 *Thomp. Neg.* 1219, the general rule governing cases like the one *sub judice,* is laid down thus: "The owners and occupiers of premises abutting a street in a city are not responsible to individuals for injuries resulting from a failure to remove from the sidewalk accumulations of snow and ice created by *natural causes,* although there is a valid ordinance requiring them to remove such accumulations. The only liability is to pay the penalty prescribed by the ordinance."

In 13 *Rul. Cas. L.,* § 341, the text reads: "In the absence of a statutory provision to the contrary, the owner or occupant of property owes no duty to pedestrians to keep the sidewalk in front of it free from ice and snow coming thereon from natural causes, or to guard against the risk of accident by scattering ashes or using other like precautions, and will not be liable in damages to persons injured by reason of his failure to do so." The cases cited in the foot note support the text. See, also, *Dahlin* v. *Walsh,* 192 *Mass.* 163; 77 *N. E. Rep.* 830; 6 *L. R. A.* (*N. S.*) 615, which contains an instructive case note on page 616.

We are therefore of the opinion that the plaintiffs' action was not maintainable either on any theory of common law liability or by virtue of the ordinance, and, therefore, the learned judge of the Circuit was warranted in excluding the

ordinance offered in evidence and in ordering a judgment of nonsuit.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH. WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.