206 N.J. Super. 336 (1985)
502 A.2d 1147
EDWARD LIPTAK, PLAINTIFF-APPELLANT,
v.
HELMUT FRANK AND ELFRIEDE FRANK, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1985.
Decided December 16, 1985.
*337 Before Judges PRESSLER, DREIER and GRUCCIO.
Donald L. Garber argued the cause for appellant (Donald L. Garber, attorney; Michael I. Lubin, on the brief).
Anthony M. Carlino argued the cause for respondents (Harwood, Lloyd, Ryan, Coyle & McBride, attorneys; Anthony M. Carlino, on brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiff Edward Liptak sustained physical injuries when he fell on an icy sidewalk abutting residential property owned by defendants Helmut and Elfriede Frank. He brought this personal injury action alleging that defendants owed him a duty, imposed by common law, ordinance or both, to maintain the sidewalk and had negligently failed to do so. Summary judgment *338 was granted dismissing these claims and plaintiff appeals.[1] We are constrained to affirm.
The issue of a property owner's responsibility to maintain abutting sidewalks in reasonably good condition is one which has regularly engaged the attention of the Supreme Court over the last three decades. Despite the vigorous expression of dissenting views, the blanket non-liability rule enunciated in Moskowitz v. Herman, 16 N.J. 223, 228-231 (1954) (Chief Justice Vanderbilt and Justice Jacobs, dissenting), was adhered to until Stewart v. 104 Wallace St., Inc., 87 N.J. 146 (1981). See Yanhko v. Fane, 70 N.J. 528, 537 (1976) (Justices Pashman and Schreiber, dissenting); Muzio v. Krauzer, 62 N.J. 243 (1973) (Justices Jacobs and Mountain, dissenting); Barkley v. Foster Estates, Inc., 61 N.J. 576 (1972) (affirming the Appellate Division application of the non-liability rule by an equally divided vote); Murray v. Michalak, 58 N.J. 220 (1971) (Justices Jacobs and Proctor, dissenting). In Stewart the Court carved out an exception to the non-liability rule by imposing liability on abutting commercial landowners. The Stewart rule was extended by Mirza v. Filmore Corp., 92 N.J. 390, 395-396 (1983), to impose the duty upon abutting commercial landowners to remove or reduce the hazard of ice and snow on public sidewalks.
As we read Stewart, however, the Court expressly declined, despite the persuasive concurring opinion of Justice Schreiber, 87 N.J. at 160, then to overrule the non-liability rule in respect of abutting residential owners. It may well be that on its next consideration of the issue the Court will extend the Stewart liability rule to residential property owners. Nevertheless, we, as an intermediate appellate court, are not free to deviate from what we regard as the Supreme Court's presently *339 articulated view, and as of this point that view does not encompass the liability of abutting residential property owners.
We are further satisfied that as an intermediate appellate court we are precluded by the express contrary holding of Yanhko v. Fane, supra, 70 N.J. at 536-537, from concluding that a municipal ordinance requiring a residential landowner to remove ice and snow from his abutting sidewalk creates a tort duty owed to pedestrians. We are nevertheless persuaded that developments in the tort law since Yanhko might well be regarded by the Supreme Court as requiring its reconsideration of this issue.
Following the decision in Yanhko, the American Law Institute issued Tentative Draft No. 23 of the Restatement, Torts 2d (1977), Chapter 43 of which included this draft formulation of proposed § 874A:
When a legislative provision proscribes or requires certain conduct for the benefit of a class of persons but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.
We relied on that draft formulation in Bortz v. Rammel, 151 N.J. Super. 312, 321-322 (App.Div. 1977), certif. den., 75 N.J. 539 (1977), in concluding that the Construction Safety Code, adopted by the Commissioner of Labor and Industry pursuant to the Construction Safety Act, N.J.S.A. 34:5-166, et seq., created not only a builder's standard of conduct but also imposed tort liability to persons injured as a result of noncompliance with the Code's requirements. We again relied on proposed § 874A in Lally v. Copygraphics, 173 N.J. Super. 162, 172-173 (App.Div. 1980), aff'd, 85 N.J. 668 (1981), in holding that, where a statutory provision made it unlawful for an employer to retaliate against an employee who seeks workers' compensation benefits, an employee who is the victim of such retaliation may pursue a judicially cognizable cause of action for compensatory and punitive damages. See N.J.S.A. 34:15-39.1, .2 and .3.
*340 Tentative draft § 874A has since been adopted, virtually verbatim, as § 874A of 4 Restatement, Torts 2d (1977). We do not believe that the finally adopted and promulgated version of § 874A would have less effect upon our courts than did the proposed version, which we have already accepted. We are also satisfied that the Restatement requisites for according a private right of action based on a legislatively prescribed standard of conduct are present here. First, there is no question of the applicability of § 874A to a municipal ordinance. See Comment (a), id. at 301. Furthermore, as we noted in Bortz v. Rammel, supra, 151 N.J. Super. at 321, Comment (h), in defining the factors affecting the determination of whether the court should provide a tort remedy, notes that
[t]he primary test for determining whether the courts should provide a tort remedy for violation of the legislative provision is whether this remedy is consistent with the legislative provision, appropriate for promoting its policy and needed to assure its effectiveness. [4 Restatement, Torts 2d at 308]
The Comment goes on to suggest such subsidiary considerations as the specificity with which the prescribed conduct is defined, the inadequacy of existing remedies, the extent to which a tort action would interfere with existing remedies, the significance of the legislative purpose, the extent of the change in tort law, and the burden which the new cause of action will place on the judicial machinery. Id. at 308-310.
A consideration of these factors might well persuade the Supreme Court of the appropriateness of applying § 874A so as to impose a tort duty upon a residential owner required by local ordinance to maintain the abutting sidewalk in good repair and to keep it free of ice and snow accumulations. Clearly, the primary purpose of such an ordinance is to effect the safety of the pedestrian public. Nor is it likely that the typically modest ordinance penalties for noncompliance would be as effective in achieving the intended purpose as would the imposition of tort liability. It is also obvious that there is no other remedy available for a pedestrian injured as the result of noncompliance. We are therefore of the view that even if Stewart were not extended generally to impose liability on abutting residential *341 owners, there is nevertheless an independent basis for doing so where the residential owner fails to comply with an ordinance obligation to maintain the sidewalk. This basis of liability might well be favorably reconsidered by the Supreme Court.
Affirmed.
NOTES
[1] The partial summary judgment appealed from was interlocutory in that the trial judge reserved for trial the issue as to whether defendants had, by inadequately attempting to clear the sidewalk, created a new element of danger in addition to that caused by natural forces. This issue was ultimately tried and determined in defendants' favor, resulting in a final judgment.