676 A.2d 187

MICHELLE D. HOAGLAND AND CARRIE HOAGLAND, PLAINTIFFS–APPELLANTS, v. WILLIAM GOMEZ, BOTH INDIVIDUALLY AND T/A G & J GOMEZ, DEFENDANT–RESPONDENT, AND TOWNSHIP OF EAST BRUNSWICK, JOHN DOE (NAME BEING FICTITIOUS), JOHN MYRECK, RICHARD WORLEY AND WENDY COLLIER, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted May 8, 1996—Decided May 30, 1996.

Before Judges MUIR, Jr. and BROCHIN.

*Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl,* attorneys for appellants (*Anthony B. Vignuolo* and *Eileen M. Foley,* on the brief).

*Robert A. Auerbach,* attorney for respondent William Gomez (*Randi S. Greenberg,* of counsel and on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

While plaintiff Michelle Hoagland was a social invitee in a one-family house in East Brunswick which her hosts were renting from defendant William Gomez, she was badly burned as the result of a fire that was started by food cooking on a burner of an electric stove in the kitchen and that quickly spread throughout the house. She sued Mr. Gomez, the landlord, alleging that she had been injured as the result of his negligence.

Before the completion of discovery, Mr. Gomez moved for summary judgment. The record which has been furnished to us is sparse, but the arguments presented to the summary judgment court imply that at that stage of the law suit, Ms. Hoagland predicated the landlord's liability primarily on his failure to install a smoke detector in the house. Mr. Gomez argued that he had no statutory or common law duty to install a smoke detector. In opposition to the motion, Ms. Hoagland relied on a New Brunswick ordinance which incorporated the BOCA code (model code of the Building Officials and Code Administrators' International, Inc.) which required the installation of a smoke detector in the house in which she had been burned. Ms. Hoagland also argued that summary judgment should not be granted because discovery had not yet been concluded and, therefore, she had not yet retained an expert.

The motion judge entered summary judgment in favor of Mr. Gomez. She held that there was neither decisional law nor a State statute which made a landlord who had rented a one-family house to a tenant liable for failing to install a smoke detector. She ruled that the East Brunswick ordinance which incorporated the BOCA code provision was immaterial because civil liability in tort could not be predicated on the violation of a municipal ordinance. The motion judge also held that the incomplete state of discovery was no bar to summary judgment because the question of the landlord's duty was entirely a question of law.

Mr. Gomez cites *Foley v. Ulrich*, 50 *N.J.* 426, 236 *A.*2d 137 (1967), *rev'g*, 94 *N.J.Super.* 410, 419, 228 *A.*2d 702 (App.Div.1967);

*Liptak v. Frank,* 206 *N.J.Super.* 336, 502 *A.*2d 1147 (App.Div. 1985), *certif. denied,* 103 *N.J.* 471, 511 *A.*2d 652 (1986); and *Sewall v. Fox,* 98 *N.J.L.* 819, 121 *A.* 669 (E. & A.1923), in defense of the holding that civil liability in tort cannot be predicated on the violation of a municipal ordinance. However, these cases do not support that proposition. *Foley* is totally irrelevant. It holds only that a landowner who increases the hazard of a slippery sidewalk adjacent to his property by negligently attempting to clear it of ice and snow is not liable in damages to someone who falls and is injured as a result. There is no mention of an ordinance. *Liptak* and *Sewall* do refer to the breach of a municipal ordinance. They hold that an ordinance which requires a landowner to keep the sidewalk adjacent to his property free from ice and snow does not make the landowner liable in damages to someone who falls on the sidewalk because of his failure to remove the ice and snow. These and other similar cases stem from *Fielders v. North Jersey St. Ry. Co.,* 68 *N.J.L.* 343, 53 *A.* 404 (E. & A. 1902). An analysis of *Fielders* demonstrates that *Liptak* and *Sewall* are also inapplicable to the present case.

*Fielders* holds that the ordinance at issue in that case, one which required street railways to fill potholes between their tracks, was enacted "to impose upon the street railway company a share of the public burdens of the municipal government," *id.* at 355, 53 *A.* 404, and therefore that it did not create a duty whose breach would result in tort liability. The opinion distinguishes between ordinances like the one there at issue, which it found to have been enacted in the exercise of the taxing power to benefit the government by imposing duties on individuals that would otherwise have to be performed by the government itself, and ordinances enacted in the exercise of the police power to impose duties on some class of persons for the benefit of the public or some category of its members. *Fielders* holds that only the government, not an injured individual, can sue for violation of an ordinance enacted for the government's benefit. But the opinion expressly recognizes, and discusses at length, the principle that if a municipal ordinance has been enacted in the exercise of the

police power for the benefit of some class of persons, an individual within the protected class who proves that he has suffered injury as the result of its violation can recover an award of damages in a civil suit against the violator.

*Fielders* and cases that followed it were cited by our Supreme Court in *Yanhko v. Fane,* 70 *N.J.* 528, 536, 362 *A.*2d 1 (1976), as stating "settled law" which has "consistently refused to find that ordinances requiring landowners to repair or maintain abutting sidewalks create a duty running from the property owner to the injured plaintiff, unless a statute explicitly establishes civil liability." *Liptak* and *Sewall* held that civil liability for personal injury could not be based on a violation of a snow cleaning ordinance because, pursuant to this "settled law," such ordinances are enacted for the benefit of the municipality and not of the public. Those cases do not stand for the proposition that an ordinance can never evidence or establish a duty which may be the basis for a tort action.

■ *Carrino v. Novotny,* 78 *N.J.* 355, 396 *A.*2d 561 (1979), demonstrates that the violation of a municipal ordinance can be evidence of a breach of duty which makes the violator liable for damages. The plaintiff in that case was a passenger who was injured in a collision that occurred because a truck was parked so as to partially block the traveled lanes of a narrow street, forcing passing cars onto an icy patch. A local ordinance prohibited trucks from parking on that street at night. The trial court charged the jury that violation of the ordinance was evidence of negligence. *Id.* at 359, 396 *A.*2d 561. This court's opinion, quoted in the opinion of the Supreme Court, declared:

> It is settled that where a statute or ordinance establishes a certain standard of conduct, one of the class for whose benefit it was enacted obtains the benefit thereof in an action for negligence if the breach of the enactment was the efficient cause of the injury of which he complains. But the provisions of the ordinance must be "germane to the type of hazard involved in the defendant's asserted duty." [Citations omitted.] The test to be applied therefrom is whether the parking prohibition of the ordinance is addressed to the purpose of traffic safety and therefore germane to any claimed duty owing from the defendant Mellone to the plaintiff.

> [*Ibid.* (citations omitted) ].

Reversing the trial court, we held that the violation of the ordinance was not evidence of negligence because, "Whatever may have been the reasons for the ordinance we are satisfied that traffic safety was not one of them...." *Ibid.* The Supreme Court disagreed and held that public safety was a major purpose of the ordinance. On that premise it ruled, as paraphrased by Justice Schreiber in his concurring opinion, that "the ordinance was evidence of a standard of care, the breach of which, when considered with other facts, was sufficient to constitute negligence...." *Id.* at 370, 396 *A.*2d 561 (Schreiber, J., concurring).

*Shump v. First Continental–Robinwood Assoc.*, 71 *Ohio St.*3d 414, 644 *N.E.*2d 291 (1994), is strikingly similar to the present case. A social guest in a townhouse which her host had leased from the landlord died from smoke inhalation or carbon monoxide poisoning when the apartment caught fire. The decedent's personal representative sued the landlord. There was a smoke detector between the bedrooms on the second floor of the apartment, but the plaintiff alleged that the landlord was liable for the death because of his failure to comply with a municipal ordinance which required the installation of a second smoke detector on the lower floor. In a well reasoned opinion, the Ohio Supreme Court ruled that the State's intermediate appellate court was correct in reversing the trial court's grant of summary judgment in favor of the landlord. The Supreme Court held, first of all, that the landlord owed the same duties to persons lawfully on the leased premises as the landlord owed to the tenant. The court noted that the ordinances of the municipality in which the townhouse was located imposed certain duties on the landlord "regarding the number, placement, and installation of smoke detectors in the apartments." The court continued,

> There is no doubt that the purpose of this fire code was to protect any individual in an apartment from the risks created by a fire. Therefore [the decedent] was within the class of persons intended to be protected by the ordinances, and her death was the type of harm against which the ordinances were intended to guard.

> [*Id.* 644 *N.E.*2d at 297].

On the basis of this view of the law, the court remanded the case to the trial court to determine whether the landlord had breached the duties that it owed to the decedent and whether its breach was the proximate cause of the plaintiff's decedent's death. *Cf. Dolan v. Suffolk Franklin Savings Bank,* 355 *Mass.* 665, 246 *N.E.*2d 798 (1969) (holding that a landlord may be liable for fire damage resulting from failure to install sprinklers required by city ordinance).

■ Consistently with *Shump v. First Continental–Robinwood Assoc., supra,* we hold that if an East Brunswick ordinance required Mr. Gomez to install a smoke detector in the house which he was leasing to Ms. Hoagland's hosts, and if he failed to install a smoke detector, his violation of the ordinance would be evidence of his negligence. If the jury finds that negligence was a proximate cause of Ms. Hoagland's injuries, a damage verdict in her favor and against Mr. Gomez would be sustainable.

The judgment appealed from is therefore reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.