**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2286-22

CARLA MARTINEZ,

    Plaintiff-Appellant,

v.

MID-AMERICA, a/k/a MID-
AMERICA, INC., and STEVENS
& STEVENS, INC.,

    Defendants-Respondents,

and

NINE POINT PROPERTY, LLC,
D AND E PROPERTIES GROUP,
LLC, INSPIRED PROPERTIES,
LLC, 1ST IP, LLC, DRB
HOLDINGS, LLC, and BEKK
HOLDINGS, LLC,

    Defendants.

_____

Argued April 9, 2024 – Decided April 23, 2024

Before Judges Puglisi, Haas and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0930-21.

Jeremy M. Weitz argued the cause for appellant (Spear, Greenfield, Richman, Weitz & Taggart, PC, attorneys; Jeremy M. Weitz, on the brief).

Lisa R. Bowles argued the cause for respondents (Law Offices of James H. Rohlfing, attorneys; Lisa R. Bowles, on the brief).

PER CURIAM

Plaintiff, Carla Martinez appeals from an order granting summary judgment in favor of defendants, Mid-America a/k/a Mid-America, Inc. and Stevens & Stevens, Inc. which dismissed her complaint with prejudice. For the reasons expressed in Judge Steven J. Polansky's cogent oral opinion, we affirm. We add the following.

I.

The facts which follow are in a light most favorable to plaintiff as required by Rule 4:46-2. The incident giving rise to this claim occurred while plaintiff was on a walk with her daughter and dog on West Somerdale Road in Voorhees, New Jersey. Plaintiff was not going to any specific destination but was "just walking around." As she walked west, the paved portion of the sidewalk gave way to a grassy area approximately thirty feet long located between the

2

properties of 200 and 300 W. Somerdale Road. As she traversed the grassy area, plaintiff fell and injured her ankle.

Plaintiff filed a complaint against the property owners of both 200 and 300 W. Somerdale Road. Defendant, Mid-America, Inc. ("Mid-America") was the owner of 200 W. Somerdale Road. During the discovery period, plaintiff attended a site inspection to show exactly where she fell. The summary judgment record included a photo generated from the site inspection which depicted the location of her fall. The photo was marked with an "X" by plaintiff which showed the area of her fall to be in a grassy area located between a break in a concrete sidewalk which ran adjacent to 200 and 300 W. Somerdale Road.

Mid-America and its property management company, defendant, Stevens & Stevens, Inc. ("Stevens & Stevens") simultaneously moved for summary judgment. Defendants certified that they did not own the area where plaintiff fell and produced two surveys in support of this position. Defendants maintained no duty existed which required them to install a sidewalk or to maintain the area of plaintiff's fall because they did not own the area.

Plaintiff filed a cross-motion for summary judgment seeking a declaration of liability against defendants as a matter of law. Plaintiff's cross motion also pointed to a local municipal ordinance which required land use applicants to

install sidewalks.  Plaintiff argued that defendant's failure to install a sidewalk was negligence per se or evidence of negligence which precluded summary judgment.  On the return date of the motion the court heard oral argument.

In its oral findings, the court found the area where plaintiff fell was beyond the deeded property of defendants and is instead located in the public area or right of way owned by the municipality.  The court's findings relied upon our holding in Chimiente v. Adam Corp., 221 N.J. Super. 580 (App. Div. 1987), wherein we rejected a similar argument finding a non-concrete pathway is not equivalent to a sidewalk.  In addition, the court found that plaintiff failed to provide factual and legal proofs for its basis of liability which relied upon the Voorhees ordinance she cited.  On these grounds, the court granted defendants' motions for summary judgment and denied plaintiff's cross-motion.  This appeal followed.

Primarily reprising the arguments she made before the trial court on appeal, plaintiff asserts:

POINT I:

THE AREA UPON WHICH APPELLANT WAS CAUSED TO FALL IS A PUBLIC SIDEWALK ADJACENT TO COMMERCIAL PROPERTY, AND/OR SHOULD BE CONSIDERED EQUIVALENT TO A PAVED SIDEWALK ADJACENT TO COMMERCIAL PROPERTY

4

THEREBY ATTACHING A DUTY TO RESPONDENTS PURSUANT TO STEWART.

POINT II:

RESPONDENTS CREATED THE DANGEROUS CONDITION THROUGH MAINTENANCE AND ARE THEREFORE LIABLE TO THE APPELLANT PURSUANT TO STEWART AND SACO

POINT III:

THE VOORHEES TOWNSHIP ORDINANCE CREATES A PROTECTED CLASS OF PEDESTRIANS UPON PUBLIC RIGHT-OF-WAYS ADJACENT TO COMMERCIAL PROPERTY, FOR WHICH VIOLATION OF THE ORDINANCE IS NEGLIGENCE PER SE AND/OR EVIDENCE OF NEGLIGENCE.

POINT IV:

RESPONDENT, STEVENS & STEVENS, INC. IS IN DIRECT PRIVITY WITH RESPONDENT, MID-AMERICA, INC. AND MANAGES THE SUBJECT PROPERTY.

Defendants contend that summary judgment was appropriate because (1) they owed no duty to plaintiff, (2) there is no evidence that they maintained the adjacent property; (3) the local ordinance does not create a legal duty; and (4) no facts support any theory of vicarious liability against Stevens & Stevens.

II.

Rule 4:46-2(c) provides that a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  The court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'"  Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).  "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

We review the trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court.  Samolyk

6

v. Berthe, 251 N.J. 73 (2022); Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 655 (2022); Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540.

"[I]t is ordinarily a plaintiff's burden to prove negligence, and . . . it is never presumed." Khan v. Singh, 200 N.J. 82, 91 (2009). "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). The "plaintiff bears the burden of establishing those elements 'by some competent proof.'" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (citing Overby v. Union Laundry Co., 28 N.J. Super. 100, 104 (App. Div. 1953), affirmed o.b., 14 N.J. 526 (1954)). "A prerequisite to recovery on a negligence theory is a duty owed by defendant to plaintiff." Strachan v. John F. Kennedy Mem'l Hosp., 109 N.J. 523, 529 (1988).

Commercial landowners "are responsible for maintaining in reasonably good condition the sidewalks abutting their property." Stewart v. 104 Wallace

Street, Inc., 87 N.J. 146, 157 (1981). A grassy strip between a sidewalk and the street is considered a feature of the sidewalk. Bedell v. Saint Joseph's Carpenter Soc'y, 367 N.J. Super. 515, 525 (App. Div. 2004). However, in all other respects, the Stewart rule is "limited to abutting 'sidewalks,' and does not impose a duty upon commercial landowners to maintain contiguous lands owned by others simply because the public chooses to use the lands as a means of access to the commercial property." Chimiente v. Adam Corp., 221 N.J. Super. 580, 583 (App. Div. 1987). A commercial landowner "owes no duty to pedestrians who are injured on an abutting highway or sidewalk which is part of the public domain." MacGrath v. Levin Props., 256 N.J. Super. 247, 250-51 (App. Div. 1992).

## III.

In its oral findings, the trial court appropriately found under the holding in Chimiente, the land where plaintiff fell is simply adjacent contiguous land where no sidewalk exists but the public "chooses to use the lands as a means of access to the commercial property." 221 N.J. Super. at 583. There is no dispute defendants do not own the strip of land where plaintiff fell, nor is there any genuine issue of material fact as to whether the area constitutes a "sidewalk" under Stewart. Simply put, defendants had no duty to maintain an area they did

A-2286-22

not own. Sufficient, credible evidence contained in the summary judgment record supports the trial court's grant of summary judgment which we will not disturb.

We now turn to plaintiff's arguments related to her claim defendants created the dangerous condition through a lack of maintenance of the grassy area. We are not persuaded and reject this position for two reasons.

Initially, plaintiff did not raise this argument with the trial court. Although an appellate court may consider allegations of errors or omissions not brought to the trial judge's attention if it meets the plain error standard under Rule 2:10-2, the court frequently declines to consider issues that were not raised below. Generally, unless an issue goes to the jurisdiction of the trial court or concerns matters of substantial public interest, the appellate court will ordinarily not consider it. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

A careful review of the record shows no errors in the trial court's approach concerning jurisdictional standards, the summary judgment standard, common law negligence standards, nor does the issue concern matters of substantial public importance. Plaintiff could have presented the argument that defendants created a dangerous condition through failure to adequately maintain the grassy area below but failed to do so.

A-2286-22

Even if we consider plaintiff's argument, we determine the undisputed facts support the conclusion defendants had no duty to maintain the grassy area, nor were any sufficient proofs submitted by plaintiff, that despite having no duty, defendants elected to maintain the area which created or failed to remedy a dangerous condition. Plaintiff's claim that the defendants maintained the lawn area, even if true, failed to point to any dangerous condition caused by them which created a genuine factual issue. For these reasons, plaintiff's argument on this point also fails.

Point III of plaintiff's brief asserting that a Voorhees Township ordinance created an obligation for defendants to construct a sidewalk and their failure to follow the ordinance is negligence per se or evidence of negligence is not supported by the undisputed facts and fails as a matter of law.

Municipal ordinances are not adopted to protect individual members of the public, but "to impose upon those regulated 'the public burdens of the municipal government.'" Luchejko v. City of Hoboken, 207 N.J. 191, 200-201 (2011) (quoting Fielders v. N. Jersey St. Ry. Co., 68 N.J.L. 343, 355 (E. & A. 1902)). It is a "well-settled principle that municipal ordinances do not create a tort duty, as a matter of law." Brown v. Saint Venantius Sch., 111 N.J. 325, 335 (1988).

In some cases, a statute or ordinance establishes a certain standard of conduct when enacted to benefit a class who "obtains the benefit thereof in an action for negligence if the breach of the enactment was the efficient cause of the injury." Carrino v. Novotny, 78 N.J. 355, 359 (1979). However, "the provisions of the ordinance must be 'germane to the type of hazard involved in the defendant's asserted duty.'" Ibid. (quoting Rodgers v. Reid Oldsmobile, Inc., 58 N.J. Super. 375, 385 (App. Div. 1959); and citing Restatement (Second) of Torts § 286 and § 288 (Am. L. Inst. 1965)). For example, a parking ordinance sets a standard of care for drivers whose violation causes harm. Id. at 359. See also Hoagland v. Gomez, 290 N.J. Super. 550, 555 (App. Div. 1996) (finding that an ordinance can set a standard of care when a party is in "the class of persons intended to be protected by the ordinance[]"). In these limited scenarios, violations of the ordinance may be utilized as evidence of negligence.

Voorhees Municipal Ordinance § 98.01 passed in 1994 provides, in its entirety:

> § 98.01 INSTALLATION OF SIDEWALKS REQUIRED.
>
> (A) Unless the Planning Board specifically provides otherwise, every approval of an application for development of a property located adjacent to any and all streets and roadways which are located in the Township, including state and county roads, shall

require, as a condition of such approval, that the applicant install sidewalks, in accordance with the applicable requirements and standards imposed by the Township, on such property and along such streets and roadways.

(B) Unless the Planning Board specifically provides otherwise, every approval of an application for the amendment of or the extension of a previously approved subdivision or site plan shall require, as a condition of such approval, that the applicant install sidewalks, in accordance with the applicable requirements and standards imposed by the township, on the subject property and along both sides of each and every street and roadway located within such previously approved subdivision or site plan.

Voorhees, N.J., Code §98.01.

In her submission to the trial court, plaintiff claimed defendants were in violation of this ordinance and the violation constituted negligence per se. On appeal, she now adds the ordinance requires sidewalks as a condition for property development and defendants' failure to abide by the ordinance is evidence of negligence wherever no sidewalk exists in an area which borders a commercial or developed property.

In interpreting an ordinance, "the court is compelled to give effect to the legislative intent. Even where the drafters of an ordinance may not have considered a certain set of circumstances, the construing court should render a

decision consonant with the probable intent of the draftsmen had [they] anticipated the situation at hand." Pullen v. S. Plainfield Plan. Bd., 291 N.J. Super. 303, 310 (Law Div. 1995) (internal citations and quotations omitted).

We are not convinced such a stringent view as advocated by plaintiff is proper. Initially, as the trial court pointed out, the ordinance is "not intended for the purpose of protecting individual members of the public, but rather to impose upon those regulated the public burdens of the municipal government." The ordinance makes no mention of any specific intention to protect pedestrians, it simply creates the condition that sidewalks be a part of new development applications. Therefore, we find no error in the trial court's conclusion that the ordinance was immaterial to the case at hand.

Even if we were to consider the ordinance as a safety standard, absent in the summary judgment record are any proofs after its adoption date that defendants submitted "an application for development" or an application for an "amendment of or the extension of a previously approved subdivision or site plan" as mandated by the ordinance which would have required defendants to install a sidewalk.

Lastly, plaintiff argues that by virtue of the contractual relationship between Mid-America and Stevens & Stevens, summary judgment was not

proper as to Stevens & Stevens "under theories of agency, vicarious liability and/or respondeat superior."

Having found no error with Judge Polansky's findings that Mid-America was not liable to plaintiff under any legal theory asserted, her argument based on vicarious liability against Stevens & Stevens also fails.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2286-22