118 N.J. Super. 35 (1972)
285 A.2d 570
MARY VITOLO, PLAINTIFF-APPELLANT,
v.
ST. PETER'S CHURCH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1971.
Decided January 3, 1972.
Before Judges KILKENNY, LABRECQUE and LANE.
Mr. Barry I. Siegel argued the cause for appellant.
Mr. Edward E. Kuebler argued the cause for respondent.
Mr. George F. Kugler, Jr., Attorney General of New Jersey, filed a statement in lieu of brief (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Kenneth M. Olex, Deputy Attorney General, on the brief).
*36 PER CURIAM.
Plaintiff Mary Vitolo appeals from an order (1) denying her motion for summary judgment on the issue of charitable immunity, and (2) granting summary judgment in favor of defendant on the ground that plaintiff's cause of action was barred by N.J.S.A. 2A:53A-7.
The foregoing statute provides as follows:
No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association; but nothing herein contained shall be deemed to exempt the said agent or servant individually from their liability for any such negligence.
N.J.S.A. 2A:53A-10 provides that the act is remedial legislation and is to be liberally construed.
Plaintiff raises three points as follows: (1) N.J.S.A. 2A:53A-7 is unconstitutional as a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution; (2) since N.J.S.A. 2A:53A-7 does not prohibit the entry of a judgment against the enumerated corporations and associations, if such corporations and associations have liability insurance policies, these policies should be available to the injured person; and (3) N.J.S.A. 2A:53A-7 reinstated a doctrine which is anachronistic, against the weight of modern authority, and against public policy, and this doctrine should be overruled.
Finding the points raised by plaintiff to be without merit, we affirm the judgment below. It is conceded that plaintiff was a parishioner of defendant church and that she sustained her injuries while leaving the church after attending Sunday religious services. As such she was a beneficiary *37 of the "works" of the church and came within the ambit of N.J.S.A. 2A:53A-7. Cf. Anasiewicz v. Sacred Heart Church, 74 N.J. Super. 532 (App. Div. 1962), certif. den. 38 N.J. 305 (1962). In Makar v. St. Nicholas, etc., Church, 78 N.J. Super. 1, 6-8 (App. Div. 1963), it was held that that statute did not violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.
Since the statute provides that no nonprofit corporation, such as was defendant here, "shall be liable to respond in damages" to a beneficiary of its works, the fact that it may have insurance coverage confers no additional right upon an injured beneficiary. Cf. Stoolman v. Camden County Council Boy Scouts, 77 N.J. Super. 129 (Law Div. 1962).
While the arguments advanced in support of the abolition of charitable immunity are many and weighty, see Collopy v. Newark Eye and Ear Infirmary, 27 N.J. 29 (1958); Abernathy v. Sisters of St. Mary's, 446 S.W.2d 599 (Mo. Sup. Ct. 1969), such arguments were available for the Legislature's consideration at the time of the enactment of N.J.S.A. 2A:53A-7. In Collopy, 27 N.J. at 41, it was made clear that it was open to the Legislature to fix, within constitutional limits, the State's policy as to charitable immunity from tort responsibilities. Since the constitutionality of the resultant legislation has been upheld, we are left with no alternative but to affirm.
Affirmed.
No costs.