No. 85–684. KRAMER *v.* PUBLIC EMPLOYMENT RELATIONS COMMISSION. Sup. Ct. N. J. Certiorari denied. JUSTICE BLACKMUN would grant the petition for writ of certiorari, vacate the judgment, and remand the case for further consideration in light of *Teachers* v. *Hudson, ante,* p. 292.

No. 85–748. KELLER *v.* UNITED STATES, 474 U. S. 1082;

No. 85–790. CUDDY *v.* CARMEN, ADMINISTRATOR, GENERAL SERVICES ADMINISTRATION, 474 U. S. 1034;

No. 85–5360. DARWIN *v.* UNITED STATES, 474 U. S. 1110;

No. 85–5619. CAMPBELL *v.* DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, 474 U. S. 1084; and

No. 85–5885. TUCKER *v.* UNITED STATES, 474 U. S. 1085. Petitions for rehearing denied.

No. 85–5352. SANDERS *v.* JUNIOR COLLEGE DISTRICT OF METROPOLITAN KANSAS CITY, MISSOURI, 474 U. S. 922; and

No. 85–5413. PETRILLO *v.* NEW JERSEY, 474 U. S. 922. Motions for leave to file petitions for rehearing denied.

MARCH 11, 1986

No. A–691. BASS *v.* McCOTTER, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS. Application for stay of execution of sentence of death scheduled for Wednesday, March 12, 1986, presented to JUSTICE WHITE, and by him referred to the Court, denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant the application for a stay and a petition for certiorari, and vacate the death sentence in this case. However, even if I did not hold this view, I would grant this application.

The Court of Appeals rejected applicant's conflict-of-interest claim with regard to attorney Sanders based on the trial court's finding that Sanders had not acted as applicant's trial counsel.