221 N.J. Super. 580 (1987)
535 A.2d 528
ROSE MARIE CHIMIENTE AND JOHN CHIMIENTE, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
ADAM CORPORATION AND JANICE H. LEVIN, DEFENDANTS-RESPONDENTS, AND THE TOWNSHIP OF OLD BRIDGE, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 16, 1987.
Decided December 22, 1987.
*581 Before Judges J.H. COLEMAN and HAVEY.
Heilbrunn, Finkelstein, Heilbrunn, Alfonso, Goldstein & Pape, P.C., attorneys for appellants (Eric Christopher Landman on the brief).
Ozzard, Wharton, Rizzolo, Klein, Mauro, Savo & Hogan, attorneys for respondent (Edmond R. Casey and Arthur D. Fialk on the brief).
Defendant Township of Old Bridge filed a letter of non-participation.
The opinion of the court was delivered by HAVEY, J.A.D.
Plaintiff Rose Marie Chimiente tripped and fell while traversing a grassy slope adjacent to a shopping center parking lot owned by defendants Adam Corporation (Adam Corp.) and Janice H. Levin (Levin). A pathway over the slope had been created by pedestrians walking from the parking lot to a public sidewalk contiguous to defendants' property. The slope area was owned by the State of New Jersey. In Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981), our Supreme Court held that commercial landowners have a duty to maintain in reasonably good condition the sidewalks abutting their property and are liable to pedestrians for injury as a result of the breach of that duty. The issue raised by this appeal is whether the pathway over the grassy slope is a "sidewalk" abutting defendants' commercial property. The trial judge found that the pathway was not a "sidewalk" and granted defendants' motion to dismiss the complaint at the end of plaintiff's case pursuant to R. 4:37-2(b). We agree with the trial judge and now affirm.
Plaintiff instituted the present personal injury action against Adam Corp., Levin and defendant Township of Old Bridge. At trial, plaintiff produced evidence that she departed from a bus at the intersection of Route 9 and Throckmorton Lane in Old Bridge. She then walked westerly along Throckmorton Lane *582 on a concrete sidewalk adjacent to the shopping center owned by Adam Corp. and Levin. To her right was a guard rail separating the sidewalk from the shopping center parking lot. At the end of the guard rail, plaintiff turned and began walking on a worn 20-foot long pathway through a grassy slope area which separated the sidewalk from the parking lot. She intended to pick her car up in the parking lot which had been left for her by a family member. While on the pathway, plaintiff tripped over a protruding object, fell and struck the parking lot pavement.
According to plaintiff, the pathway was "kind of barren and worn away from the constant track of people going through it." Plaintiff testified that she had used the pathway since 1964 when she moved to Old Bridge. The sidewalk along continued beyond the pathway to a driveway which entered the parking lot. Plaintiff's expert, a safety engineer, testified that the pathway was "hazardous" and was not designed for use as a means of access to the parking lot. Defendants' maintenance supervisor acknowledged in his deposition that he had been aware of the pathway and its use by the public for several years prior to plaintiff's accident.
At the conclusion of the first day of trial, it was determined that the State of New Jersey owned the grassy slope area where plaintiff fell. The trial judge thereupon granted defendant Township of Old Bridge's motion to dismiss the complaint against it. At the end of plaintiff's case defendants also moved for a dismissal. Plaintiff resisted the motion citing, Stewart v. 104 Wallace St., Inc., supra, 87 N.J. 146, arguing that defendants were responsible to maintain the pathway since the pathway was "tantamount" to a sidewalk. The trial judge rejected this argument, finding that "[t]his is a slope wherein people took it upon themselves to use that slope, whether right or wrong ... [b]ut this is not property that belonged to the shopping center."
*583 Until Stewart, an abutting property owner was not liable for the condition of a sidewalk caused by the elements or by wear and tear incident to public use, but only for negligent construction, or repair by the owner or his predecessor in title, or by the owner's direct use or obstruction of the sidewalk in such a manner as to render it unsafe. See Yanhko v. Fane, 70 N.J. 528, 532 (1976); Murray v. Michalak, 58 N.J. 220, 222 (1971); Moskowitz v. Herman, 16 N.J. 223, 225 (1954). Stewart rejected this "no liability rule" as it applied to commercial landowners, holding that such owners "are responsible for maintaining in reasonably good condition the sidewalks abutting their property...." Stewart, supra, 87 N.J. at 157. The purpose of this "new rule" was to provide a remedy to innocent plaintiffs injured by improper maintenance of sidewalks, to give abutting commercial landowners "an incentive to keep their sidewalks in proper repair" and to eliminate the "arbitrariness" of the "old rule." Id. at 157-158. A further rationale for the rule was that commercial landowners retain considerable interest in and rights to the use of the abutting sidewalks, including the right to prevent obstruction of the public's view of the commercial property from the sidewalk, use of the sidewalk for "stoops ... and other domestic and trade conveniences" and the benefit of the sidewalk providing commercial owners with "easy access to their premises...." Id. at 151-152. The court also reasoned that sidewalks "increase the value of [commercial] property." Id. at 152.
In our view the extension of liability under Stewart is clearly limited to abutting "sidewalks," and does not impose a duty upon commercial landowners to maintain contiguous lands owned by others simply because the public chooses to use the lands as a means of access to the commercial property. A sidewalk is defined as "[t]hat part of a public street or highway designed for the use of pedestrians, being exclusively reserved for them...." Black's Law Dictionary 1238 (5th ed. 1979) (emphasis supplied); see also Davis v. Pecorino, 69 N.J. 1, 5 (1975). Here, the pathway, created by the trespassing public *584 for their own convenience, was neither designed nor intended for pedestrian use.
Moreover, the public policy underpinnings to the Stewart rule simply do not apply to a private pathway over property that is not owned by the commercial landowner. Stewart's concern that the "no liability" rule will leave innocent parties without recourse, Stewart, supra, 87 N.J. at 155, is inapplicable since the injured party may seek redress against the owner of the private property.[1] While the Stewart rule gives the commercial landowner "incentive to repair deteriorated sidewalks and thereby prevent injuries[,]" ibid., here there was no such incentive, or indeed even a legal right, on the part of defendants to assume control and maintenance over property owned by others.
Further, defendants, as commercial landowners, had no right to an unobstructed public view over the State's property, or the right to use the property for "stoops ... and other domestic and trade conveniences...." Id. at 151. Moreover, the public sidewalk on Throckmorton Lane provided "easy access" to defendants' shopping center without the presence or use of the pedestrian-created pathway. Id. at 152. Finally, it can hardly be said that the pathway "increased the value of [defendants'] property." Ibid.
Plaintiff further cites Warrington v. Bird, 204 N.J. Super. 611 (App.Div. 1985), certif. den. 103 N.J. 473 (1986) for the proposition that the holding in Stewart should apply to "a non-sidewalk situation." In Warrington, we held that a restaurant operator owes a duty to provide reasonably safe passage for its patrons across a public roadway passing between the restaurant and its parking lot. Warrington, supra, 204 N.J. Super. at 617. We reasoned that:

*585 ... the critical element should not be the question of the proprietor's control over the area to be traversed but rather the expectation of the invitee that safe passage will be afforded from the parking facility to the establishment to which they are invited. Commercial entrepreneurs know in providing the parking facility that their customers will travel a definite route to reach their premises. The benefiting proprietor should not be permitted to cause or ignore an unsafe condition in that route which it might reasonably remedy, whether the path leads along a sidewalk or across a roadway. [Ibid.]
Warrington is distinguishable since here defendants provided safe passage to their parking lot through existing entrances from Throckmorton Lane and Route 9. It was reasonable for defendants to expect that their invitees would use these "definite route[s]," designed for that purpose, to reach the shopping center.
We conclude that the Stewart rule is limited to "sidewalks" abutting commercial lands and does not extend to impose liability against defendants in the present case. We, of course, as an intermediate appellate court, "are not free to deviate from what we regard as the Supreme Court's presently articulated view[.]" Liptak v. Frank, 206 N.J. Super. 336, 338-339 (App.Div. 1985), certif. den. 103 N.J. 471 (1986). We therefore decline plaintiff's invitation to extend the Stewart rule to the facts before us.
Plaintiff raises for the first time on appeal the argument that the Old Bridge Commercial Maintenance Code imposed upon defendants the duty to maintain the pathway free of any hazards. We decline to consider the issue since it was not fully presented at trial and does not raise a jurisdictional question, or, in our view, concern matters of great public interest. See Matter of Board of Educ. of Town of Boonton, 99 N.J. 523, 536 (1985), cert. den. sub nom. Kramer v. Public Employment Relations Commission, 475 U.S. 1072, 106 S.Ct. 1388, 89 L.Ed.2d 613 (1986); Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234 (1973). In any event, the municipal ordinance referred to proscribes certain conditions and activities on "commercial premises." It does not make a commercial landowner liable for conditions or activities on a third-party's land. See *586 also Yanhko v. Fane, supra, 70 N.J. at 536-537 (municipal ordinances requiring landowners to repair or maintain abutting sidewalks do not create a duty from the property owner to the injured party, absent a statute establishing liability).
The judgment of dismissal is affirmed.
NOTES
[1] Presumably, plaintiff did not institute an action against the State of New Jersey because she did not determine the State owned the pathway until trial.