IN THE MATTER OF PATROLMEN'S BENEVOLENT ASSOCIA-
TION, LOCAL 134, RESPONDENT–APPELLANT, v. BERGEN
COUNTY BOARD OF CHOSEN FREEHOLDERS AND BERGEN
COUNTY SHERIFF, RESPONDENTS–RESPONDENTS, AND
HOWARD D. NEELY, CHARGING PARTY–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 16, 1988—Decided March 4, 1988.

1

2

Before Judges DREIER and BAIME.

*Thomas K. Hynes,* attorney for respondent-appellant (*James M. Fleming* on the brief).

*Markowitz & Richman; Joel G. Scharff,* attorneys for charging party-respondent (*Stephen C. Richman* on the brief).

*Robert E. Anderson,* General Counsel, attorney for Public Employment Relations Commission (*Robert E. Anderson* on the brief).

The opinion of the court was delivered by

BAIME, J.A.D.

This is an appeal from a determination of the Public Employment Relations Commission (PERC), holding that the Patrolmen's Benevolent Association, Local 134 (PBA) committed an unfair labor practice when it exacted representation fees from Howard Neely after denying him membership because he belonged to the Fraternal Order of Police (FOP). This conclusion was predicated upon PERC's interpretation of *N.J.S.A.* 34:13A–5.6 which prohibits collection of fees unless "membership in the majority representative is available to all employees in the unit on an equal basis." PERC determined that the PBA could lawfully relieve itself of potentially discordant elements by

excluding from its membership those who belong to rival labor organizations, *see Calabrese v. Policemen's Benev. Assn., Local No. 76*, 157 *N.J. Super.* 139, 156 (Law Div. 1978), but, if it chose that course, could not collect representation fees from such individuals. On appeal, the PBA contends that PERC misconstrued the provisions of *N.J.S.A.* 34:13A–5.6. We disagree and affirm.

The facts are not in dispute and need not be recounted at length. The bylaws of the state and local PBA preclude members from joining other labor organizations representing policemen and other law enforcement officers. Neely, a member of the FOP, applied for and was denied membership in the PBA on this basis. The PBA nevertheless continued to collect representation fees on the basis that Neely would otherwise be a "free rider" and enjoy the benefits of union negotiated rights without the payment of a fair share of its expenses.

In forbidding this practice, PERC relied upon *N.J.S.A.* 34:13A–5.6. That statute, which is a section of the New Jersey Employer–Employee Relations Act (*N.J.S.A.* 34:13A–1 *et seq.*), provides in pertinent part as follows:

> [w]here a negotiated agreement is reached, pursuant to section 2 of this act [§ 34:13A–5.5], a majority representative of public employees in an appropriate unit shall be entitled to a representation fee in lieu of dues by payroll deduction from the wages or salaries of the employees in such unit who are not members of a majority representative; *provided, however, that membership in the majority representative is available to all employees in the unit on an equal basis....* [emphasis supplied.]

PERC found that membership in the PBA was not "available to all employees on an equal basis" because of the union's exclusion of those belonging to rival labor organizations.

We are in complete accord with this conclusion. In reaching this result, we emphasize that "an administrative agency's interpretation of a statute it is charged with enforcing is entitled to substantial weight." *Matter of Board of Educ. of Town of Boonton*, 99 *N.J.* 523, 534 (1985), *cert.* den. *sub nom. Kramer v. Public Employment Relations Comm'n*, 475 *U.S.* 1072, 106 *S.Ct.* 1388, 89 *L.Ed.*2d 613 (1986). *See also New*

*Jersey Guild of Hearing Aid Dispensers v. Long*, 75 *N.J.* 544, 575 (1978); *In re Application of Saddle River*, 71 *N.J.* 14, 24 (1976). PERC's construction of *N.J.S.A.* 34:13A–5.6 comports with its prior determinations on the subject and constitutes a reasonable accommodation of union and employee interests.

We note that the New Jersey Employer–Employee Relations Act was patterned after the National Labor Relations Act (29 *U.S.C.* § 151 *et seq.*). The federal statute conditions agency shop arrangements upon the requirement that membership be "available to the employee on the same terms and conditions generally applicable to other members...." 29 *U.S.C.* § 158(a)(3). Significantly, the federal statutory counterpart to *N.J.S.A.* 34:13A–5.6 has been uniformly interpreted to prohibit the collection of agency shop fees by exclusive representatives whose internal rules preclude union membership on the basis of employee support of rival labor organizations. *See, e.g., N.L. R.B. v. Pipefitters Union Local No. 120*, 719 *F.*2d 178, 184 (6 Cir.1983); *Local 1104, Comm'n Wkrs. of America, AFL–CIO v. N.L.R.B.*, 520 *F.*2d 411, 418–419 (2 Cir 1975), *cert.* den. 423 *U.S.* 1051, 96 *S.Ct.* 778, 46 *L.Ed.*2d 639 (1976). The federal prohibition against collection of such fees has been held to be applicable even where the union's exclusionary membership policy has been found to be appropriate and consistent with the need to promote organizational solidarity. *Local 1104, Comm'n Wkrs of America, AFL–CIO v. N.L.R.B., supra*, 520 *F.*2d at 414, 419. In the latter context, it has been said that the statutory prohibition "necessarily entails some inroads on a union's ability to protect itself from free riders," but that "[a] contrary decision would create far greater problems of compulsory unionism...." *Id.* at 420. These considerations are equally applicable to *N.J.S.A.* 34:13A–5.6. PERC correctly looked to the analogous federal statute in attempting to ascertain the intended meaning of our state statute. *Galloway Tp. Bd. of Ed. v. Galloway Tp. Ass'n of Ed. Sec.*, 78 *N.J.* 1, 10 (1978); *Lullo v. Intern. Assoc. of Fire Fighters*, 55 *N.J.* 409, 424 (1970).

Accordingly, the action of PERC is affirmed essentially for the reasons expressed by it in its written decision and order.