766 A.2d 816 (2001)
337 N.J. Super. 173
Jacqueline THOMAS, Plaintiff-Appellant,
v.
SECOND BAPTIST CHURCH OF LONG BRANCH, Defendant-Respondent,
and
City of Long Branch, Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted October 31, 2000.
Decided February 15, 2001.
Lawrence, Leslie & Kain, Asbury Park, attorneys for appellant, (Wesley M. Kain, on the brief).
Methfessel & Werbel, Edison, attorneys for respondent, (Martin R. McGowan, Jr., on the brief).
Before Judges SKILLMAN, CONLEY and LESEMANN.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
Plaintiff was a member of the congregation of defendant Second Baptist Church of Long Branch. On December 22, 1996, a friend drove plaintiff to the church to attend Sunday morning services. Plaintiff got out of the car carrying a Bible and began walking along a sidewalk abutting the church. As she neared the front of the church, plaintiff tripped on a raised metal grate and fell, suffering a knee injury.
Plaintiff brought this personal injury action against the church and City of Long Branch. After the completion of discovery, the church moved for summary judgment, contending that plaintiffs' claim was barred by the Charitable Immunity Act, N.J.S.A. 2A:53A-7 to -11.
The trial court granted the church's motion, stating in a brief oral opinion:
Plaintiff accepts that the movant, the Second Baptist Church, is a nonprofit organization organized exclusively for religious purposes. She contends, however, that when the accident occurred she was not a beneficiary of the works of the charity apparently because she had not yet entered the church.
*817 It is, however, undisputed that she was in fact on her way to church when she tripped and fell on the sidewalk....
....
... She was for all intents and purposes a beneficiary of the religious experience at the Second Baptist Church of Long Branch, that is, she was a member of the church and was on her way to a regularly scheduled service when the accident occurred.
It has now been well established that immunity extends to persons injured following their attendance at religious services,... sometimes in the parking lot, sometimes on the steps, but in each instance while leaving church.
There's just no logical reason to distinguish such decisions from the factual pattern involved here, ... where the plaintiff was on her way to church when she fell.
The court subsequently granted a motion for summary judgment filed by the City of Long Branch.
Plaintiff appeals solely from the summary judgment granted to the church. We conclude that the trial court correctly held that the Charitable Immunity Act bars plaintiff's claim, and affirm.
N.J.S.A. 2A:53A-7(a) provides in relevant part:
No nonprofit corporation, society or association organized exclusively for religious... purposes ... shall ... be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association....
N.J.S.A. 2A:53A-10 states that the Charitable Immunity Act "shall be deemed to be remedial and shall be liberally construed."
This court has construed these statutory provisions to immunize a church from a personal injury claim by a church member who trips and falls while exiting the church after attending services. Monaghan v. Holy Trinity Church, 275 N.J.Super. 594, 598-99, 646 A.2d 1130 (App.Div.1994); Bixenman v. Christ Episcopal Church Parish House, 166 N.J.Super. 148, 152, 399 A.2d 312 (App.Div.1979); Vitolo v. St. Peter's Church, 118 N.J.Super. 35, 36-37, 285 A.2d 570 (App.Div.), certif. denied, 60 N.J. 285, 288 A.2d 27 (1972). The evident rationale of these decisions is that a church member is "a beneficiary, to whatever degree," N.J.S.A. 2A:53A-7(a), of the church's religious mission not only during the period when church services are actually being conducted, but also while the member is entering or leaving the church to obtain the benefit of those services.
Plaintiff seeks to distinguish this line of decisions on the ground that they all involved persons who suffered personal injuries on church property, while she tripped and fell on a "public sidewalk" abutting the church. However, a church's entitlement to immunity from a personal injury action brought by one of its members does not turn on the nature of the church's interest in the property where an accident occurs. Instead, it turns on the reason for the member's presence on the property, which in this case was attendance at a church service. Thus, plaintiff was a beneficiary of the church's religious works when she tripped and fell as she walked down the sidewalk toward the church to the same degree as if the accident had occurred on the walkway between the sidewalk and the entrance to the church.
This conclusion is supported by the Court's statement of its holding in Brown v. St. Venantius Sch., 111 N.J. 325, 337, 544 A.2d 842 (1988)the case extending *818 sidewalk liability to churches and other charitable organizations"that a charitable organization may be liable in tort to a nonbeneficiary for its failure to maintain an abutting sidewalk." (Emphasis added.) The Court's limitation of a charity's liability for a dangerous condition of a sidewalk "to a nonbeneficiary" constitutes an implicit recognition that a sidewalk liability claim is subject to the same immunity from claims of "beneficiaries" as any other type of tort claim against a church or other entity entitled to the protections of the Charitable Immunity Act.
We recognize that plaintiff could have suffered personal injuries from a trip and fall on the sidewalk abutting the church if she had used the sidewalk to walk to a store or some other destination unrelated to attendance at church, and that the church would not be immunized from liability under such circumstances. However, plaintiff would not in that event have been "a beneficiary, to [any] degree" of the church's religious mission at the time of the accident. Her presence on the sidewalk would have been the same as that of any member of the general public who uses a sidewalk abutting a church for a purpose "unrelated to ... the [church's] benefactions." Although it may appear somewhat anomalous for a church's entitlement to charitable immunity to turn on the reason for a person's presence on a sidewalk abutting the church, this is simply a reflection of the fact that a church member may be within a church's benefactions at certain times but at other times have the same relationship to the church as any other member of the general public.
Affirmed.