823 A.2d 878 (2003)
360 N.J. Super. 530
Nancy M. GASKILL, Plaintiff-Appellant,
v.
ACTIVE ENVIRONMENTAL TECHNOLOGIES, INC., Township of Mt. Holly, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 2003.
Decided June 4, 2003.
*880 Mark J. Molz, Hainesport, argued the cause for appellant Nancy M. Gaskill (Stephen Cristal, on the brief).
Paul C. Johnson, Cherry Hill, argued the cause for respondent Township of Mt. Holly (Marshall, Dennehey, Warner, Coleman & Goggin, attorneys; Mr. Johnson, on the brief).
Anne E. Walters argued the cause for respondent Active Environmental Technologies, Inc. (Thomas Paschos, attorney; Mr. Paschos and Ms. Walters, on the brief).
Before Justice WALLACE, JR., (temporarily assigned) and Judges CIANCIA[1] and AXELRAD.
*879 The opinion of the court was delivered by AXELRAD, J.T.C. (temporarily assigned).
In this slip and fall negligence action, plaintiff, Nancy Gaskill, appeals from summary judgment dismissing her complaint for injuries against the abutting commercial property owner, Active Environmental Technologies, Inc., and the Township of Mount Holly. We reverse and remand for trial against Active Environmental and affirm as to Mt. Holly.
In the commercial district of High Street in Mt. Holly where this incident occurred, there is a paved surface from the buildings to the curb with no grassy strip between the sidewalk and the street. Mt. Holly had trees planted within the outer edges of the sidewalk and grates installed around the trees in 1991. Plaintiff frequently passed this location. On May 15, 2000, plaintiff tripped and fell on a one-inch raised metal tree grate in front of the property owned by Active Environmental while walking on the sidewalk on High Street. According to the deposition testimony of the Public Works Department supervisor, the roots of the tree had grown up and pushed the grate, causing the bolt to give out and raise the grate. Plaintiff fractured her right elbow when she put her arm down to break her fall.
The court granted summary judgment to Active Environmental on the basis that liability of commercial property owners under "Stewart[2] ha[d] not been extended to grates on sidewalks" and he was "not prepared to extend Stewart to that extent at this point." The court granted summary judgment to Mt. Holly on the basis that the township had neither actual nor constructive notice of the alleged dangerous condition and that, in any event, the township's inaction was not "palpably unreasonable" under the Tort Claims Act, N.J.S.A. 59:4-2. Furthermore, the court found that *881 plaintiff's injuries did not meet the Tort Claims threshold, N.J.S.A. 59:9-2, as she did not sustain a permanent loss of a bodily function.
In the landmark case of Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 432 A.2d 881 (1981), our Supreme Court carved out a limited exception to the common law rule that an adjoining landowner was not liable for injuries suffered by a pedestrian on a defective or dilapidated public sidewalk, unless it had contributed to the dangerous condition. The Court held that "commercial landowners are responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so." Id. at 157, 432 A.2d 881. The purpose of the new rule was to provide a remedy to innocent plaintiffs injured by improper maintenance of sidewalks and to give abutting commercial landowners "an incentive to keep their sidewalks in proper repair." Ibid. A further underpinning of the Stewart decision was an enterprise liability theory, whereby the Court recognized that public sidewalks provide substantial benefits to commercial property owners, such as ease of ingress and egress from their establishments, an unobstructed view of the premises, and increase in the value of commercial property. Id. at 152, 159, 432 A.2d 881.
We have declined to extend Stewart to impose a duty upon commercial property owners to maintain contiguous lands owned by others simply because the public chooses to use the lands as a means of access to the commercial property. Chimiente v. Adam Corp., 221 N.J.Super. 580, 583, 535 A.2d 528 (App.Div.1987). In many of our "sidewalk" cases, we have looked at the purpose of the object or feature causing the fall, recognizing, for example, "whether a curb is deemed part of a sidewalk ... might well depend on the context and facts in the given case." Norris v. Borough of Leonia, 160 N.J. 427, 443-44, 734 A.2d 762 (1999). See also MacGrath v. Levin Properties, 256 N.J.Super. 247, 252-53, 606 A.2d 1108 (App.Div.), certif. denied, 130 N.J. 19, 611 A.2d 656 (1992); Levin v. Devoe, 221 N.J.Super.61, 64, 533 A.2d 977 (App.Div. 1987).
A sidewalk is defined as "[t]hat part of a public street or highway designed for the use of pedestrians, being exclusively reserved for them...." Chimiente, supra, 221 N.J.Super. at 583, 535 A.2d 528 (quoting Black's Law Dictionary 1238 (5th ed. 1979)). In Chimiente we held that a pathway over a grassy slope adjacent to a shopping center parking lot, created by the trespassing public for their own convenience, was neither designed nor created for pedestrian use; thus, the owner of the shopping center parking lot had no duty to maintain it. Id. at 583-84, 535 A.2d 528. In Devoe we held that commercial landowners could also be liable for curbs that "are structurally an integral part of ... sidewalks." 221 N.J.Super. at 64, 533 A.2d 977. In that case, however, we refused to hold a commercial landowner liable for injuries suffered when a pedestrian tripped and fell on a curb in front of an apartment building as she was attempting to cross the street. We concluded that a curb separated from the sidewalk by a grass strip was not an integral part of the sidewalk but rather was a feature of the road and was, therefore, "a significantly less immediate means of pedestrian ingress and egress to the abutting property than is a sidewalk." Id. at 65, 535 A.2d 528.
In May v. Atlantic City Hilton, 128 F.Supp.2d 195, 200 (D.N.J.2000), Judge Brotman found that a handicap-access ramp built by Atlantic City, occupying the *882 gutter area and extending from the curb to the street, might be considered an integral part of the sidewalk for liability purposes. He noted that "[t]he fact that the ramp is adjacent to the curb rather than in the curb is not dispositive.... In this case the ramp, like a sidewalk, is used by pedestrians to move from the street to the hotel and has nothing to do with roadway functions such as channeling cars and water." Ibid. Nevertheless, the court reasoned that Stewart and the cases applying its principles almost exclusively involved allegations of negligent maintenance, while plaintiff's claim alleged a design defect, and found the hotel did not owe a duty of care to a pedestrian for a purported design defect it did not create. Id. at 200-201.
In Thomas v. Second Baptist Church of Long Branch, 337 N.J.Super. 173, 766 A.2d 816 (App.Div.2001), a congregant of the church got out of a car, began walking along a sidewalk abutting the church, and as she neared the front of the church, tripped on a raised metal grate and fell, suffering a knee injury. Although we affirmed the grant of the church's motion for summary judgment on the basis of charitable immunity, Judge Skillman noted in dicta:
We recognize that plaintiff could have suffered personal injuries from a trip and fall on the sidewalk abutting the church if she had used the sidewalk to walk to a store or some other destination unrelated to attendance at church, and that the church would not be immunized from liability under such circumstances.

[Id. at 176, 766 A.2d 816.]
In evaluating a summary judgment motion, all of the evidential materials must be viewed most favorably to the non-moving party, together with all favorable inferences. R. 4:46-2(c). If a genuine issue of material fact exists, and reasonable minds could differ as to whether negligence has been shown, the motion must be denied. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 535-36, 666 A.2d 146 (1995). Plaintiff contends the tree grate is designed to be part of the pedestrian walkway, as it is supposed to be level with the sidewalk and allows for drainage like any grate. We are satisfied the evidence presents a debatable question as to whether the subject tree grate contained within the outbounds of the sidewalk is structurally an integral part of the sidewalk and is used as a pedestrian walkway or means of pedestrian ingress and egress to the abutting property. Submission to a jury is required. Although the jury may ultimately find in the negative, or find that plaintiff is more negligent than Active Environmental, plaintiff is entitled to her day in court against the property owner.
We affirm on the Tort Claims defense. A public entity is immune from suit for a condition on its property unless a plaintiff can demonstrate that (1) the property was in a dangerous condition at the time of the injury; (2) the injury was proximately caused by the dangerous condition; (3) the dangerous condition created a reasonably forseeable risk of the kind of injury that occurred; and (4) either an employee of the entity created the dangerous condition or the entity had active or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken protective measures. N.J.S.A. 59:4-2. Additionally, recovery is barred unless the inaction on the part of the public entity in protecting against the condition was "palpably unreasonable." Ibid. Palpable unreasonableness connotes a "more obvious and manifest breach of duty" than mere negligence, Williams v. Phillipsburg, 171 N.J.Super. 278, 286, 408 A.2d 827 (App.Div.1979), and "implies behavior that is patently unacceptable under *883 any given circumstance." Kolitch v. Lindedahl, 100 N.J. 485, 493, 497 A.2d 183 (1985); Maslo v. City of Jersey City, 346 N.J.Super. 346, 349-50, 787 A.2d 963 (App. Div.2002).
The record is devoid of any evidence that any department of the township had constructive or actual notice of the raised tree grate. Even plaintiff, a resident of the neighborhood who frequently walked down High Street, never noticed the raised grate prior to her fall. If anyone should have been aware of the problem and reported it to the township, it was plaintiff. Moreover, plaintiff failed to establish a prima facie case that the inaction by the township in repairing the grate, removing the tree or taking other steps to rectify the allegedly dangerous condition prior to the incident was palpably unreasonable. It is irrelevant and inadmissible that after receiving the claim, the township removed and replaced the tree with a smaller one and replaced the grate.
Furthermore, the court correctly concluded that plaintiff failed to meet the Tort Claims Act threshold for recovery of non-economic damages, i.e., an objective permanent injury and permanent loss of a bodily function that is substantial. N.J.S.A. 59:9-2; Brooks v. Odom, 150 N.J. 395, 402-403, 696 A.2d 619 (1997). This is not a situation where plaintiff had substantial functional limitations and significant loss of range of motion. Unlike the plaintiff in Kahrar v. Borough of Wallington, 171 N.J. 3, 791 A.2d 197 (2002), who suffered a 40% loss of motion in her left shoulder, plaintiff had her arm in a cast for one week, and her arm in a sling and participated in physical therapy for six weeks. Even giving all favorable inferences to plaintiff, three months after the injury her orthopedic surgeon opined that he "believe[s] that she will recover fully from her wrist and shoulder injuries. However, [he] believe[s] that she may ultimately lack one or two degrees of motion in each direction as a result of her elbow injury."
Summary judgment is affirmed in favor of Mt. Holly and reversed and remanded against Active Environmental.
NOTES
[1] Judge Ciancia did not participate in oral argument. However, the parties have consented to his participation in the decision.
[2] Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 432 A.2d 881 (1981).