**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0947-19

JEANNIE GREENSTEIN and
JON GREENSTEIN, her spouse,

      Plaintiffs-Appellants,

v.

FORSGATE INDUSTRIAL
COMPLEX a/k/a FORSGATE
INDUSTRIAL COMPLEX, LP,
FORSGATE VENTURES XI, LLC,
SAMSUNG SDS AMERICA, INC.,
and JENI LLC a/k/a JENI LLC
NJ LTD,

      Defendants,

and

AMAZON.COM.DEDC, LLC,
and BERGEN OUTDOORS, INC.
t/a BERGEN LANDSCAPING,

      Defendants-Respondents.

_____

Argued May 24, 2021 – Decided July 22, 2021

Before Judges Currier, Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3328-17.

Christopher T. Karounos argued the cause for appellant (Davis, Saperstein & Salomon, PC, attorneys; Christopher T. Karounos, of counsel and on the briefs).

Gregory F. Miller (Perkins Coie, LLP) of the Washington bar, admitted pro hac vice, argued the cause for respondent Amazon.com.dedc, LLC (Sills Cummis & Gross, PC, and Gregory F. Miller, attorneys; Beth S. Rose, of counsel and on the brief; Vincent Lodato, on the brief).

Brian J. Bolan argued the cause for respondent Bergen Outdoors, Inc. t/a Bergen Landscaping (Muscio, Kaplan & Helfrich, LLC, attorneys; Brian J. Bolan, on the brief).

PER CURIAM

Plaintiff Jeannie Greenstein[1] was injured when she slipped and fell on ice in an area of a driveway that led from the public street to a parking lot. Defendant Amazon.com.dedc, LLC (Amazon) leased the property and was responsible under the lease for snow and ice removal from the driveway and parking lot. Amazon contracted with Bergen Outdoors, Inc. t/a Bergen Landscaping (Bergen Outdoors) for snow and ice removal.

---

[1] We refer to Jeannie as the plaintiff. Her spouse, Jon Greenstein, has a per quod claim.

The trial court granted summary judgment to both defendants on May 2, 2019. Plaintiff appeals from both orders. Because plaintiff presented issues of fact regarding Amazon's duty to remove snow and ice in the area of her fall, we reverse the order granting summary judgment to Amazon and remand for a factfinder's consideration. Because the trial court did not make findings or give any reasons in granting summary judgment to Bergen Outdoors, we reverse that order as well.

Amazon leased a commercial property located at 2 Empire Boulevard in Moonachie.[2] Defendant Jeni LLC a/k/a Jeni, LLC NJ LTD (Jeni) owned the premises located on the corner of Moonachie Road and Empire Boulevard. Defendant Samsung was a tenant in the Jeni building. Plaintiff worked at a company named 4over, whose offices were located at 4 Empire Boulevard.[3]

Parking is prohibited on Empire Boulevard. Therefore, Amazon employees who drive to work park in the large parking lot behind the building.

---

[2] Amazon leased the property from defendant Forsgate Industrial Complex a/k/a Forsgate Industrial Complex, LP. After Forsgate's motion for summary judgment was unopposed, the trial court dismissed the complaint against that entity.

[3] In looking at the buildings from Empire Boulevard, Jeni owned the building to the left of Amazon's premises and the 4over offices were located to the right of Amazon.

A-0947-19

Two driveways provide access to the parking lot—one designated for entry and exit and one designated as exit only. The exit-only driveway is located between the Jeni building and Amazon's premises. The driveway is marked with "DO NOT ENTER" signs on either side.

The driveway exiting Amazon's parking lot is constructed of black macadam. It ends at the sidewalk which runs parallel to Empire Boulevard. Three equal-sized rectangular concrete slabs comprise the space between the end of the driveway and the street. There are no markings on the slabs to indicate a sidewalk boundary or to differentiate them from the remainder of the concrete driveway that runs to the street. Plaintiff fell on the exit-only driveway as she stepped onto it from the street.

Under its lease agreement with Forsgate, Amazon was responsible for ice and snow removal at 2 Empire Boulevard. Amazon retained Bergen Outdoors to provide snow remediation services at the property. Pursuant to the contract, Bergen Outdoors would remove snow and ice from the property's parking lot, driveways, and walkways.

In addition, Amazon directed its employees to perform perimeter walks of the property "three or four times a day" during the winter months. According to Amazon's director of operations, employees were specifically instructed to

A-0947-19

examine the property's entrances, exits, and walkways—including sidewalks. Amazon would notify Bergen Outdoors if an inspection revealed hazardous conditions. And Amazon often directed its employees to use "salt and shovels" to ameliorate icy conditions near the property's entrances and exits before Bergen Outdoors arrived as an "extra safety step . . . ."

During the weekend of January 23 and 24, 2016, approximately two feet of snow fell in Moonachie. Bergen Outdoors' invoices reflect it "plow[ed] lots, shovel[ed] walks, salt[ed] . . . lanes and driveways, [and applied] ice melt to walks" on January 23 and 24. On January 25, Bergen Outdoors performed "additional opening of walks at street, as requested . . . ."

On the morning of January 25, 2016, plaintiff followed her typical commuting routine, and took a bus to Moonachie. She got off the bus on Moonachie Road, near its intersection with Empire Boulevard. Plaintiff crossed Moonachie Road and walked through the parking lot behind Jeni's property. A driveway from that parking lot exits onto Empire Boulevard.

According to plaintiff, she usually walked through the parking lot behind Jeni's building and turned onto the sidewalk parallel to Empire Boulevard. She would continue on that sidewalk, crossing over Amazon's exit-only driveway until she arrived at her offices next to Amazon's building. However, on that day,

A-0947-19

the sidewalk in front of Jeni's property up to the Amazon driveway was covered with approximately two feet of snow. Therefore, plaintiff decided to walk in the gutter of Empire Boulevard until she got to the walkway leading to 4over's premises.

The following day, January 26, plaintiff again took the bus to work and followed the same route as the day before. Because Jeni had still not cleared the snow from the sidewalk in front of its property, plaintiff again attempted to walk in the gutter of Empire Boulevard. However, a parked car obstructed her way.

Therefore, plaintiff turned from the street to walk up the exit-only driveway on Amazon's property to access the cleared Amazon sidewalk and continue to her building. She stated that although she "saw some ice and snow" in the driveway, it appeared "passable to [her]." As plaintiff stepped with her left foot from the gutter onto the driveway, she "lost [her] balance and . . . fell."

Following the close of discovery, Amazon and Bergen Outdoors moved for summary judgment. Amazon asserted it was entitled to judgment because "the driveway apron was part of the public way" and therefore it did not owe plaintiff a duty to clear the ice and snow. Bergen Outdoors argued that because Amazon did not request any snow remediation services on the day of plaintiff's

A-0947-19

fall, "no obligation under the contract was triggered requiring [it] to make inspections or provide ice watch services . . . ."

On May 2, 2019, the trial court issued an oral opinion and accompanying orders granting summary judgment to Amazon and Bergen Outdoors.[4]

The court found there was no "basis to impose liability" on Amazon because, as a commercial tenant, Amazon did not have a duty to maintain the "apron" where plaintiff had fallen. Although the motion judge recognized "there [was] no case that talks about that specific area", she declined to "expand a commercial property owner['s] sidewalk liability to something that is past the boundary of the sidewalk . . . ." The judge stated she was "not persuaded that there should be an obligation on the part of the tenant who has snow removal responsibility for the commercial building to maintain the sloped vehicle access in a condition that is pedestrian safe."

The court did not differentiate in its rulings between Amazon and Bergen Outdoors. The court did not give any reasons specific to Bergen Outdoors other than to state that "Bergen's responsibility can't be any greater than that of Amazon . . . ."

---

[4] The court also granted summary judgment to defendant Samsung. Thereafter, plaintiff agreed to dismiss Jeni from the case with prejudice.

Our review of the grant of summary judgment is de novo, applying the same legal standard as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (citation omitted). Therefore, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

"If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citations omitted). We review issues of law de novo and accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

Plaintiff contends the trial court erred in finding Amazon had no duty to maintain the driveway apron in a safe condition. In her briefs and during oral argument before this court, she relied on our recent opinion in Pareja v. Princeton Int'l Properties, 463 N.J. Super. 231 (App. Div.), cert. granted 244 N.J. 168 (2020). On June 10, 2021, our Supreme Court issued its decision.

A-0947-19

Pareja v. Princeton Int'l Properties, __ N.J. __ (2021).  We permitted the parties to submit supplemental filings regarding the Court's decision.

Although Pareja arose out of a slip and fall on ice on a driveway apron owned by a commercial landowner, the issue in the case was not whether the commercial entity owed a duty to the plaintiff to clear that particular part of its property.  Rather, the issue addressed by the Court was one of first impression in this State: whether a commercial landowner has a duty to clear snow and ice from "public walkways" on its property during a storm.  In rejecting the imposition of the proposed duty, the Court declined to adopt the ongoing storm rule with two exceptions.

The substantive holding in Pareja is not applicable here.  But because its underlying facts bear such similarity to these circumstances, we find the opinion implicitly instructive.

"'The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages.'"  Shields v. Ramslee Motors, 240 N.J. 479, 487 (2020) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)).  Whether to impose a common law duty depends on an analysis of such factors as "'the relationship of the parties,' the foreseeability

9

and nature of the risk of harm, 'the opportunity and ability to exercise care' to avoid the harm, 'the public interest,' and ultimately 'notions of fairness' and 'common sense.'" Id. at 496 (Albin, J., concurring in part and dissenting in part) (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993)). The determination of such a duty is generally considered "a matter of law properly decided by the court." Wang v. Allstate Ins. Co., 125 N.J. 2, 15 (1991).

Here, the parties dispute whether Amazon owed plaintiff a duty to clear snow and ice from the particular location of her fall. Counsel and the court referred to the area as the driveway "apron." Although the judge acknowledged Amazon's duty to maintain its sidewalk in a reasonably safe condition, she declined to extend that duty to the "apron" or the area where plaintiff fell.

To consider the parties' arguments, we look to the history of a commercial landowner's (or commercial tenant who has accepted a contractual responsibility) duty to remove snow and ice from a sidewalk abutting its property.

Until our Supreme Court's decision in Stewart v. 104 Wallace St., Inc., 87 N.J. 146 (1981), our Court had declined to impose liability on landowners for dangerous sidewalk conditions. However, in Stewart, the Court carved out an exception and imposed a duty on commercial landowners to "maintain[] in

10

reasonably good condition the sidewalks abutting their property." Id. at 157. The Court's holding was intended "to provide a remedy to innocent plaintiffs injured by improper maintenance of sidewalks and to give abutting commercial landowners 'an incentive to keep their sidewalks in proper repair.'" Gaskill v. Active Env't. Techs., Inc., 360 N.J. Super. 530, 534 (App. Div. 2003) (quoting Stewart, 87 N.J. at 157).

In Gaskill, we referenced the definition of a sidewalk as "[t]hat part of a public street or highway designed for the use of pedestrians, being exclusively reserved for them . . . ." Id. at 534 (quoting Black's Law Dictionary 1238 (5th ed. 1979)) (alterations in original). But we eschewed application of a rigid definition and instead favored "look[ing] at the purpose of the . . . feature causing the fall," recognizing that the determination "depend[s] on the context and facts in the given case." Ibid. (citation omitted). As we stated in Pareja, "reasonableness is the polestar." 463 N.J. Super. at 236.

We have declined to extend the duty in circumstances "simply because the public chooses to use the land[] . . . to access the commercial property." Chimiente v. Adam Corp., 221 N.J. Super. 580, 583 (App. Div. 1987) (internal quotation marks and citation omitted).

11

For instance, we have found that a landowner's duty extends to a curb "that [is] structurally an integral part" of the sidewalk, but not to a curb "separated from the sidewalk by a grass strip" because such a curb is considered "a feature of the road, not the sidewalk." Levin v. Devoe, 221 N.J. Super. 61, 65 (App. Div. 1987) (holding curb was not part of the sidewalk because its "primary functions" were to "channel surface water from the road into storm drains and to serve as a barrier for cars to park against", and that although pedestrians occasionally used the curb to cross the street, "like a road it is a significantly less immediate means of pedestrian ingress and egress to the abutting property than is a sidewalk"). See also Chimiente, 221 N.J. Super. at 583 (holding parking lot owners had no duty to maintain dirt pathway on adjacent State-owned property because it was not part of the sidewalk; the path was "created by the trespassing public for their own convenience," and "was neither designed nor intended for pedestrian use"); Gaskill, 360 N.J. Super. at 536 (reversing summary judgment for landowner plaintiff where defendant was injured after falling on raised tree grate on sidewalk because the evidence presented a "debatable question as to whether the [grate] . . . is structurally an integral part of the sidewalk and is used as a pedestrian walkway or means of pedestrian ingress and egress to the abutting property").

12

Following Stewart, the Court held that "maintenance" of a public sidewalk includes snow and ice removal. Mirza v. Filmore Corp., 92 N.J. 390, 395-96 (1983). The Mirza Court stated that commercial landowners, after receiving actual or constructive notice, must use ordinary care—and "may [be] require[d] to remove snow or ice"—to maintain the sidewalk in a "reasonably safe condition." Ibid.

The trial court agreed with Amazon's contention that because the area of plaintiff's fall was not a sidewalk, Amazon had no duty to clear the snow and ice from it. We disagree.

As stated, although the Court's focus in Pareja was the application of the ongoing-storm rule, which is not at issue here, it nevertheless specifically addressed the property owner's duty regarding the driveway apron. Pareja, __ N.J. __ (slip op. at 15). In discussing the facts, the Court found that "Pareja's path required him to walk over the driveway apron, the section of sidewalk that connects the driveway to the public road. That apron was owned by Princeton International." Id. at 8 (emphasis added).[5] Earlier in its decision, the Court stated: "The sidewalk area on which [Pareja] fell was located on property owned

_____

[5]  Pareja also involved a paved parking lot with a concrete driveway apron. Pareja, 463 N.J. Super. at 236-37.

and managed by Princeton International Properties, Inc." Id. at 6 (emphasis added). The Court used the terms "sidewalk" and "driveway apron" interchangeably and although given the opportunity to differentiate between them in Pareja, it did not do so.

It is evident the Court considered the driveway apron to be part of the sidewalk. Semantics aside, it is undisputed that the Court found the defendant had a duty to clear that part of the driveway/sidewalk once the ongoing storm abated.

Despite its contentions in this litigation, Amazon's actions and its representative's testimony reveal it also accepted responsibility to maintain the location where plaintiff fell. Amazon employees regularly inspected the perimeter of its property, including the entirety of the driveways to ensure further shoveling or salting was not needed. Furthermore, Amazon contracted with Bergen Outdoors to clear all the driveways, parking lots, sidewalks, and walkways of ice and snow. The removal of ice and snow did not stop at the delineation in the driveway between the macadam and the concrete slabs.

Because the driveway apron bisects Amazon's sidewalk, pedestrians must walk across the apron to follow the sidewalk in either direction. So, although the driveway apron is designed for vehicles to exit Amazon's driveway, it was

14

also "intended for pedestrian use." Chimiente, 221 N.J. Super at 584. And, because the apron connects the sidewalks on either side, it can be considered "structurally an integral part" of the sidewalk. Levin, 221 N.J. Super. at 65.

As stated, the unmarked driveway apron has no visible indication of where the sidewalk—and, in turn, Amazon's responsibility for pedestrians safety—ended. Under these facts, treating the entire driveway apron as part of the sidewalk, as the Court did in Pareja, is the most reasonable conclusion and avoids any arbitrary line-drawing.

Furthermore, it was entirely foreseeable that pedestrians would step outside of the invisible confines of the sidewalk and onto the driveway apron. It was also foreseeable that individuals might use the sloped apron to walk from the street onto the sidewalk, as plaintiff did. Such foreseeability supports the finding of a duty. Hopkins, 132 N.J. at 450.

In light of the circumstances presented here and the Court's recent decision in Pareja, we are satisfied Amazon owed plaintiff a duty to maintain the area in which she fell in a reasonably safe condition, including the remediation of snow and ice. We, therefore, reverse the grant of summary judgment to Amazon and remand to the trial court. It is the fact-finder's province

A-0947-19

to determine the reasonableness of Amazon's actions and whether it breached its duty.

The trial court did not make any factual findings or legal conclusions in granting summary judgment to Bergen Outdoors. Because Bergen Outdoors presented arguments specific to its own actions and legal obligations, we are constrained to vacate the summary judgment order and remand to the trial court for a consideration of Bergen Outdoors' arguments.

Reversed, vacated and remanded to the trial court for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0947-19